**GERS, INC., doing business as GERS Retail Systems, Plaintiff—Appellant,**

v.

**ATLANTIC MUTUAL INSURANCE COMPANY, a corporation; Federal Insurance Company, a corporation, Defendants—Appellees.**

No. 06–56343.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2008.

Filed March 12, 2008.

Robert M. Steele, Herron & Steele, APC, San Diego, CA, for Plaintiff-Appellant.

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Gary R. Selvin, Esq., Selvin Wraith Halman, LLP, Oakland, CA, Stephen L. Newton, Esq., Newton Remmel, Mountain View, CA, for Defendants–Appellees.

Before: GIBSON,* O'SCANNLAIN, and GRABER, Circuit Judges.

MEMORANDUM **

Plaintiff GERS, Inc., sued Defendants Atlantic Mutual Insurance Company and Federal Insurance Company to recover on separate insurance policies that Plaintiff held with each Defendant. The district court granted summary judgment to Defendants, and Plaintiff brings this timely appeal. On de novo review, *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), we affirm.

1. Summary judgment in favor of Atlantic Mutual was proper on Plaintiff's claim that Atlantic Mutual breached a duty to defend Plaintiff in an arbitration proceeding involving Apex, Inc. Atlantic Mutual had a duty to defend Plaintiff from October 18, 2000, when Apex filed a complaint alleging defamation, to January 12, 2001, when the district court stayed the entire federal lawsuit for arbitration. *See Montrose Chem. Corp. of Cal. v. Superior Court,* 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1157 (1993) (A "carrier must defend a suit which *potentially* seeks damages within the coverage of the policy." (internal quotation marks omitted)). But Plaintiff stipulated to a judgment dismissing its claim related to that time period.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Atlantic Mutual's potential for coverage, and thus its duty to defend under California law, ceased when Plaintiff proceeded to arbitration. *See id.* ("The defense duty is a continuing one, arising on tender of defense and lasting until the underlying lawsuit is concluded *or until it has been shown that there is no potential for coverage* . . . ." (emphasis added) (citation omitted)). That is so because Apex did not arbitrate the only potentially covered claim. Plaintiff's request during discovery for defamation-related documents did not alter the scope of the arbitration, which excluded the defamation claim. The district court's stay of the federal proceedings was never lifted before the parties ultimately settled.

2. Plaintiff argues that the district court erred by granting Atlantic Mutual's motion for reconsideration. The original order, which the court decided to reconsider, disposed of Plaintiff's claim for breach of contract on the Apex arbitration. But it did not dispose of Plaintiff's claims relating to the Klingman and Rogers matters, nor did it dispose of Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. As we have held above, the district court correctly granted summary judgment to Atlantic Mutual with respect to the Apex arbitration. And, because the original order adjudicated fewer than all the claims, the court retained the authority to revise it at any time before entry of judgment. Fed.R.Civ.P. 54(b). Insofar as Plaintiff is arguing that the district court erred by failing to grant summary judgment to it, that ruling is not reviewable. *Easter v. Am. W. Fin.*, 381 F.3d 948, 956 n. 4 (9th Cir.2004).

3. Summary judgment to Federal was proper because the Klingman and Rogers claims arose before the effective date of the policy. The effective date of the policy was October 31, 2000. Klingman demanded the return of all money paid, plus interest, in December 1999. Plaintiff entered into mediation with Rogers in the fall of 1999 to try to resolve their contract dispute.

Accordingly, we need not reach the district court's alternative basis for summary judgment. Nor do we need to reach Plaintiff's arguments concerning the enforceability of the "awareness" provision of the insurance contract.

AFFIRMED.